IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 17-CR-139 |
| v. | : | Judge Susan J. Dlott |
| CIERA RICHTER, | : | **GOVERNMENT'S OPPOSITION TO** *PRO SE* **MOTION FOR** |
| Defendant. | : | **RECONSIDERATION OF SENTENCE** |

The Government writes in opposition to Defendant Ciera Richter's *pro se* motion for reconsideration of her sentence.

BACKGROUND

In February of 2017, the defendant and Jason Fletcher conspired to produce child pornography. On June 8, 2018, the defendant pleaded guilty before this Court to Count One of the Indictment, charging her with conspiring to produce child pornography, in violation of 18 U.S.C. § 2251. The defendant entered her guilty plea pursuant to a cooperation agreement with the Government. The Government moved at her sentencing pursuant to U.S.S.G. § 5K1.1 for the Court to consider the defendant's substantial assistance with the case when sentencing her. Though she faced a mandatory minimum of 15 years, and a 360-month Guidelines range at the 30-year statutory maximum for the Count, this Court considered her cooperation and sentenced her to 132 months in jail followed by ten years' supervised release.

On September 20, 2021, the defendant filed a *pro se* motion of reconsideration of her sentence pursuant to 18 U.S.C. § 3742(e), based on "post-sentencing rehabilitation

programming." The defendant has been incarcerated since November of 2017, which means that at the time of her motion, she has served only approximately 46 months of her sentence.

## ARGUMENT

The statutory provision under which the defendant seeks resentencing, Title 18, United States Code, Section 3742(e), does not afford this Court that authority. That statutory provision concerns the review of a defendant's sentence by the Court of Appeals. Likewise, *Pepper* v. *United States*, the primary case she cites in support of her motion, is inapplicable here. *See* 562 U.S. 476 (2011). *Pepper* authorizes a district court to consider evidence of a defendant's post-sentencing rehabilitation efforts "when a defendant's sentence has been set aside on appeal," which did not happen here. *See id.* at 481.

The provision under which the district court can modify a term of imprisonment that has been imposed is found elsewhere, at Title 18, United States Code, Section 3582(c). Under the statute, the court cannot modify a prison term unless (1) after certain procedural steps are taken, "extraordinary and compelling reasons warrant such a reduction" or the defendant meets certain criteria (including being over 70 years of age); (2) reduction is expressly permitted through a statute or Federal Rule of Criminal Procedure 35; or (3) a defendant's sentencing range has subsequently been reduced by the Sentencing Commission. 18 U.S.C. § 3582(c).

The defendant meets none of the statutory criteria that could afford this Court the opportunity to resentence her. She has not exhausted all her administrative rights within the Bureau of Prisons, which must be completed before this Court may consider whether extraordinary and compelling reasons exist for resentencing. *See United States* v. *Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (administrative exhaustion "operates as an unyielding procedural requirement" (quotation marks omitted)). Neither statute nor Federal Rule of Criminal

Procedure 35 authorizes a reduction in her sentence, and her applicable Guidelines range has not been reduced since her sentencing.

Because she cannot meet the statutory requirements for this Court to consider a reduction in her sentence, her motion should be denied.

                Respectfully submitted,

                KENNETH L. PARKER
                United States Attorney

                s/*Megan Gaffney Painter*
                MEGAN GAFFNEY PAINTER
                Assistant United States Attorney
                221 East Fourth Street, Suite 400
                Cincinnati, Ohio 45202
                (513) 684-3711

## CERTIFICATE OF SERVICE

      This is to certify that I have this day served upon the defendant a copy of the foregoing *Government's Opposition to Pro Se Motion for Reconsideration of Sentence* by placing this response in the mail on the 30th day of November, 2021.

                                      s/*Megan Gaffney Painter*
                                      MEGAN GAFFNEY PAINTER
                                      Assistant United States Attorney