IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 1:17-cr-139 |
| Plaintiff, : | |
| : | Judge Susan J. Dlott |
| v. : | |
| : | **ORDER DENYING PRO SE MOTION** |
| CIERA RICHTER, : | **FOR RECONSIDERATION OF** |
| : | **SENTENCE** |
| Defendant. : | |
| : | |

This matter is before the Court on Ciera Richter's pro se "Motion for Reconsideration 18 U.S.C. § 3742(e) Post-Sentencing Rehabilitation Programming." (Doc. 98.) On November 30, 2021, the Government responded in opposition. (Doc. 102.) For the reasons that follow, Richter's Motion will be **DENIED**.

**I.   Background**

On June 4, 2018, Richter pled guilty to one count of conspiracy to produce child pornography, in violation of 18 U.S.C. § 2251(e). (Docs. 34–35.) On March 25, 2019, Richter received a below-Guidelines sentence of 132 months of imprisonment followed by ten years of supervised release. (Docs. 65–67.) Richter is serving her term of imprisonment at FCI Hazelton, and her anticipated release date is March 30, 2027. *See* Federal BOP, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited 12/2/2021).

On September 20, 2021, Richter filed the motion currently pending before the Court. She seeks reconsideration of her sentence under 18 U.S.C. § 3742(e) based on her rehabilitation, which the Government opposes.

## II. Analysis

Richter does not provide authority for this Court to reconsider her sentence. She moves under 18 U.S.C. § 3742(e),[1] but that statute vests the court of appeals with authority to reconsider a sentence under limited circumstances. *Pepper v. United State*s, also cited by Richter, does not provide authority for reconsideration, either. 562 U.S. 476, 491 (2011). *Pepper* held that a district court may consider evidence of a defendant's post-sentencing rehabilitation when a defendant's sentence has been set aside on appeal—which is not the case here. *Id.*

A district court may modify a term if imprisonment under 18 U.S.C. § 3582(c), but Richter has not moved pursuant to 18 U.S.C. § 3582 or demonstrated that she meets the necessary prerequisites to filing suit. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (administrative exhaustion is a mandatory claim-processing rule).

---

[1] 18 U.S.C. § 3742(e) states:

> **(e) Consideration.**--Upon review of the record, the court of appeals shall determine whether the sentence--
> **(1)** was imposed in violation of law;
> **(2)** was imposed as a result of an incorrect application of the sentencing guidelines;
> **(3)** is outside the applicable guideline range, and
> **(A)** the district court failed to provide the written statement of reasons required by section 3553(c);
> **(B)** the sentence departs from the applicable guideline range based on a factor that--
> **(i)** does not advance the objectives set forth in section 3553(a)(2); or
> **(ii)** is not authorized under section 3553(b); or
> **(iii)** is not justified by the facts of the case; or
> **(C)** the sentence departs to an unreasonable degree from the applicable guidelines range, having regard for the factors to be considered in imposing a sentence, as set forth in section 3553(a) of this title and the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c); or
> **(4)** was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.
>
> The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and, except with respect to determinations under subsection (3)(A) or (3)(B), shall give due deference to the district court's application of the guidelines to the facts. With respect to determinations under subsection (3)(A) or (3)(B), the court of appeals shall review de novo the district court's application of the guidelines to the facts.

18 U.S.C.A. § 3742(e).

Assuming that the defendant exhausted administrative remedies, the district court then (1) determines whether "extraordinary and compelling reasons" warrant a reduction and (2) weighs the relevant sentencing factors listed in § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1108 (6th Cir. 2020).[2] "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. Aug. 30, 2021) (quoting 28 U.S.C. § 994(t)). But Richter has not moved under 18 U.S.C. § 3582, nor has she met the other necessary conditions to demonstrate consideration under that statute.

The Court is pleased that Richter is making efforts to rehabilitate herself while incarcerated. A defendant's rehabilitation is among the best outcomes a presiding judge could hope for when she sentences a defendant. However, without any grounds to grant her Motion (Doc. 98), it is **DENIED**.

    **IT IS SO ORDERED.**

S/Susan J. Dlott<br>
Judge Susan J. Dlott<br>
United States District Court

---

[2] The Sixth Circuit determined in *Jones* that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—is inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court has full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. Jan. 6, 2021).